J-S29042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| D.W. AND D.W. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| v. | : | |
| | : | |
| F.T. AND J.T. | : | |
| | : | |
| | : | No. 1892 WDA 2015 |

Appeal from the Order Entered November 5, 2015
in the Court of Common Pleas of Indiana County Civil Division
at No(s): 11815 C.D. 2014

BEFORE: BENDER, P.J.E., PANELLA, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.: **FILED MAY 6, 2016**

Appellants, D.W. and D.W. (collectively, "Maternal Grandparents"), the maternal grandparents of two minor, male children, J.T., born in January of 2006, and W.T., born in January of 2008, and a minor, female child, P.T., born in May of 2002 (collectively, "Children"), appeal from the order dated and entered on November 5, 2015, that denied Maternal Grandparents' petition for partial physical custody of Children.

Maternal Grandparents raise five issues arguing the trial court erred in denying their motion for partial custody. Section 5328(c)(1) of the Child Custody Act requires a court to consider the following factors when awarding custody to grandparents:

---

[*] Former Justice specially assigned to the Superior Court.

> (i) the amount of personal contact between the child and the party prior to the filing of the action;
>
> (ii) whether the award interferes with any parent-child relationship; and
>
> (iii) whether the award is in the best interest of the child.

23 Pa.C.S. § 5328(c)(1)(i)-(iii).  Section 5328(a) provides a non-exhaustive list of factors that courts **must** consider when determining the best interest of the child.    *See* 23 Pa.C.S. § 5328(a)(1)-(16); ***K.T. v. L.S.***, 118 A.3d 1136, 1154 (Pa. Super. 2015) (noting procedural history in which this Court vacated and remanded to have trial court consider the Section 5328(a) factors **and** the Section 5328(c)(1) factors in addressing the grandparents' custody petition).

Our review of the record confirms that the trial court did **not** address these factors at the conclusion of the custody hearing or in its Pa.R.A.P. 1925(a) opinion. ***See K.T.***, 118 A.3d at 1154.  The trial court discussed only the Section 5328(c)(1) partial custody factors (pertaining to parties who have standing pursuant to Section 5325(1) or (2), on the finding that Maternal Grandparents have standing under Section 5325(2)).  Accordingly, we must vacate the trial court's order and remand this matter for the preparation of a new order and opinion that discusses the Section 5328(a) best interest factors and the Section 5328(c)(1) partial custody factors.  The trial court is directed, upon remand, to issue a new order and opinion within thirty days of the date of this judgment order.

Order vacated. Case remanded for further proceedings consistent with this judgment order. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2016